IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN GRADY THOMAS

    Plaintiff,

v.

OPINION & ORDER

16-cv-698-wmc

MICHAEL ELLESTAD, MATT ALLORD,
DEBBIE LARRABEE, and LANCE WIERSMA

    Defendants.

---

*Pro se* plaintiff Julian Grady Thomas brings this proposed civil action alleging that defendants — all employees of the Wisconsin Department of Corrections — violated his constitutional rights by authorizing and conducting a warrantless search of his home. As Thomas was incarcerated at the time he filed this suit, the court must screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. § 1915A. Because Thomas is a *pro se* litigant, the court holds him to "a less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even so, because Thomas's allegations are fully encapsulated by an ongoing criminal matter, the court must dismiss his complaint for lack of subject matter jurisdiction.

ALLEGATIONS OF FACT[1]

Plaintiff Julian Thomas is a resident of the State of Wisconsin. Defendant Michael Ellestad works for the Wisconsin Department of Corrections, and he was Thomas's probation officer at all times relevant to this case. Defendants Allord, Larrabee and Wiersma are Ellestad's supervisors at the Department of Corrections.

On September 3, 2015, Thomas was pulled over by police officers of the City of Madison for what he alleges were "bogus plates." The police officers contacted Agent Ellestad, who instructed them to take Thomas into custody.

Ellestad then allegedly recruited several colleagues to join him in a search of Thomas's residence, with the goal of finding evidence relating to an ongoing fraud investigation by the McFarland police. That same day, the probation officers entered Thomas's house through an unlocked window, opened the front door, and proceeded to search the house. Based on evidence collected from that search, Thomas was charged with fraud and prosecuted in Dane County Court, Case No. 15CF2111. The remaining defendants – Wiersma, Larrabee and Allord – all either authorized or later praised Ellestad's actions.

On March 24, 2017, Judge Reynolds granted Thomas's motion to suppress the evidence gained through the September 3 warrantless search. The State of Wisconsin is currently appealing that decision to the Wisconsin Court of Appeals in App. No. 17AP621. While the underlying prosecution has not been stayed, it appears that the trial court is waiting to schedule a trial until the state's appeal is resolved.

---

[1] The court accepts all allegations in plaintiff's complaint as true.

OPINION

Thomas claims that defendant's Ellestad's warrantless search of his home violated his Fourth Amendment right to be free from unreasonable searches and seizures. Even though Thomas's claim may have traction, however, this court must decline to exercise jurisdiction over it while Thomas's criminal case is still pending in Wisconsin state court. Under an abstention doctrine articulated in *Younger v. Harris*, 301 U.S. 37 (1971), federal district courts must abstain from hearing or exercising jurisdiction over cases that seek to enjoin or interfere with state criminal proceedings. This doctrine comes from traditional principles of equity, comity and federalism, and it is usually invoked when (1) related state judicial proceedings are pending and (2) the federal case has not been active for very long. *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017).

Here, Thomas's state criminal case predates this federal action by years. More importantly, that state proceeding concerns the same subject matter and is still ongoing. Indeed, the State of Wisconsin is appealing the trial court judge's decision granting his motion to suppress evidence arising out of the same search. Given that the claims Thomas is seeking to proceed upon involve *only* individuals and facts related to that search, this court cannot evaluate its validity without interfering in that state criminal proceeding. Once the criminal proceeding has been completed, this court may be able to exercise jurisdiction over Thomas's claims pursuant to 42 U.S.C. § 1983. At this juncture, however, it must abstain.

ORDER

IT IS ORDERED that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 12th day of September, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge